### J. J. C. CANTINE *vs.* JAMES W. PHILLIPS' Adm'r.

A husband, though a minor, is liable for necessaries furnished his wife.
The law will not imply a contract as between father and son-in-law, to pay his wife's board, while staying at her father's house.

THIS was an action of assumpsit by a father-in-law, against the representative of a deceased son, for board and other necessaries furnished his wife, (plaintiff's daughter) and her child and nurse. There were also charges for board of the son-in-law.

The case turned on the question, whether an assumpsit was implied in law under the circumstances, as between parties bearing this relation to each other. It was twice tried, and resulted finally in a verdict for the defendant.

*By the Court.*—Assumpsit by a father against the estate of his son-in-law, for the board and lodging of the daughter and her child and servant, and also of the son-in-law himself.

It is alledged that James W. Phillips having married the daughter of Cantine, did, at various times and for considerable periods, live in the family of the wife's father; for which a compensation is demanded in this action.

1. On the part of the defendant it is contended that no action can be sustained on such a claim, founded on any *implied* engagement to pay board. That as between father and daughter, or daughter's husband, living in the father's house, no contract can be implied for the payment of board.

The court assents to this proposition. Persons in such a near connection as father and children do not usually live together upon

a footing of obligation to account with and pay for attentions and services, or board and lodging. When the parties intend to live in that way, it is but reasonable to require that there should be an *express* understanding between them to that effect. This is what is meant by the distinction between an express and an implied contract; and that does not mean a bargain in so many words to pay so much money weekly; but the recognition of this kind of understanding between them, as the admission of the party that he was a boarder and not a guest; the payment of money as board, &c., &c

We therefore express the opinion, that unless such an understanding or agreement existed between the father and his son-in-law, *as a matter of contract,* the plaintiff cannot recover in this case.

2. If these parties lived together without such understanding, but upon the expectation or promise of a gratuity, by way of gift or present, the plaintiff could not recover such gratuity in an action.

3. But it was further alledged on the defendant's part, that if any contract had been proved to pay board, such contract was made by Phillips when he was *under age* and did not bind him. That is the case with the general contracts of minors. Being regarded by the law as infants, until the age of twenty-one, such persons are incapable of making general contracts; but there are certain contracts, which, from necessity, they are allowed to make, and that is, for necessaries for themselves and family. The same necessity exists as to the family of an infant; and if old enough to contract marriage, an infant is liable on contracts for the necessary board and lodging of his wife and children. And if such liability exists, it may be enforced against the infant's estate, though he die under age.

*Houston,* for plaintiff.
*Cullen,* for defendant.